UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ARCELIA CASTANEDA,<br><br>　　　　Defendant. | **CASE No. 1:16-cv-0908- MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE** |

　　Plaintiff is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's June 24, 2016, complaint is before the Court for screening.

**I.　Screening Requirement**

　　The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.　Pleading Standard**

　　Section 1983 "provides a cause of action for the deprivation of any rights,

1

privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### III. Plaintiff's Allegations

Plaintiff is an uncommitted civil detainee housed at Coalinga State Hospital ("CSH"). Though Plaintiff's prison sentence was completed on December 24, 2000, he has since been held over for civil commitment trial pursuant to California's Sexually Violent Predator Act ("SVPA"). Arcelia Castaneda is a Psychiatric Technician employed at CSH and is named as a defendant in her official and individual capacities.

Plaintiff's claims can be summarized as follows:

Pursuant to California Welfare and Institutions Code § 6606(b),[1] Plaintiff refuses to participate in evaluations, hospital care and treatment programs, or group hospital sessions at CSH. In retaliation for this refusal, Defendant Arcelia Castaneda accessed Plaintiff's confidential medical files to prepare a fraudulent and unfavorable current psychological assessment report.

Plaintiff brings claims for a violation of his First Amendment and Due Process rights, as well as state law claims for defamation of character and false imprisonment. He seeks $16,000,000 in damages.

## IV. Analysis

### A. Eleventh Amendment Immunity

Plaintiff seeks damages from Defendant, who is named in both her individual and official capacities. Plaintiff's claim for damages from Defendant in her official capacity, however, is barred because "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680 fn.2 (9th Cir. 1991).

### B. First Amendment Retaliation

---

[1] The Court takes judicial notice of this statute, which provides as follows:

> Amenability to treatment is not required for a finding that any person is a person described in Section 6600, nor is it required for treatment of that person. Treatment does not mean that the treatment be successful or potentially successful, nor does it mean that the person must recognize his or her problem and willingly participate in the treatment program.

Cal. Welf. & Inst. Code §6606(b); Fed. R. Evid. 201.

Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir.1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

A retaliation claim requires five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watson v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff's First Amendment retaliation claim fails because the conduct that he describes—namely, the exercise of his statutory right to decline participation in certain programs at CSH—does not amount to protected conduct under the First Amendment. Further, Plaintiff asserts no facts suggesting that Defendant's conduct was motivated by Plaintiff's refusal to participate in the programs and, lastly, there are no allegations that the assessment that he challenges was prepared other than in accordance with and furtherance of commitment proceedings under the SVPA.

This is not the first time that Plaintiff has been informed that he does not state a First Amendment retaliation claim based on these allegations. See Williams v. Madrid, Case No. 1:13-cv-2104-MJS, 2014 WL 814730 (E.D. Cal. Feb. 27, 2014) (dismissing complaint asserting identical allegations against a CSH social worker), and 2014 WL 1600569 (E.D. Cal. Apr. 21, 2014) (dismissing first amended complaint without leave to amend for failure to state a claim), aff'd Williams v. Madrid, 609 Fed. Appx. 421 (9th Cir. 2015).

Plaintiff's retaliation claim will therefore be dismissed, but out of an abundance of caution he will be granted leave to amend. If Plaintiff chooses to amend, he must allege

specific facts from which the Court can conclude that Defendant took an adverse act against him because of his protected activity and not for a legitimate correctional goal.

### C.    Due Process

Civil detainees are entitled to Fourteenth Amendment protections. See Jones v. Blanas, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany it.").

Plaintiff's due process claim is so factually deficient that the Court is unable to determine if he states a claim. He does not link Defendant's conduct to any due process violation, he does not assert any harm arising from Defendant's conduct, and he does not indicate how the due process clause is implicated merely because Defendant accessed his confidential mental health information. Insofar as Plaintiff claims that Defendant prepared a fraudulent mental health assessment, he does not explain how this assessment is substantively false and fraudulent or so lacking in support as to violate due process. Young v. King County, 70 Fed. Appx. 939, 941 (9th Cir. 2003, citing Youngberg v. Romeo, 457 U.S. 307, 320 (1982); Brown v. Watters, 599 F.3d 602, 611 (7th Cir. 2010), citing McGee v. Bartow, 593 F.3d 556, 579-81 (7th Cir. 2010). Of course, if Plaintiff's due process claim is premised on his continued detention at CSH in anticipation of a civil commitment trial, that claim, as he acknowledges, must be asserted in a habeas petition, not in this civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Again, Plaintiff has been informed of these deficiencies when he last asserted this same claim against another defendant. See Williams v. Madrid, supra.

The Court thus finds that Plaintiff has failed to assert any facts suggesting a due process violation. This claim will also be dismissed with leave to amend.

### D.    State Law Claims

Plaintiff also asserts two state law claims against Defendant: defamation of character and false imprisonment. In the absence of a cognizable federal claim, however, the Court will not exercise supplemental jurisdiction over any state law claim. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805

5

(9th Cir. 2001); see also Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th Cir. 1994). "When . . . the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989). Plaintiff may amend his state law claims, but if he fails to allege a viable federal claim in his amended complaint, the Court will not exercise supplemental jurisdiction over his state law claims. 28 U.S.C. § 1367(a); Herman Family Revocable Trust, 254 F.3d at 805.

## V.    Conclusion

Based on the foregoing, the Court finds that Plaintiff fails to state a claim against Defendant. Plaintiff will, however, be granted leave to amend. If Plaintiff files a first amended complaint, it must state what Defendant did that led to the deprivation of his constitutional rights. Iqbal, 556 U.S. at 676-77. Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an "amended complaint supersedes the original" complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's June 24, 2016, Complaint (ECF No. 1) is dismissed for failure to state a claim;

2. Plaintiff shall file a First Amended Complaint within thirty days from the date of this Order; and

3. Plaintiff's failure to file an amended complaint within thirty days will result in a dismissal of this action without prejudice for failure to prosecute and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   July 30, 2016                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE