1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

11
12
13
14
15
16

MICHAEL B. WILLIAMS,

          Plaintiff,

v.

ARCELIA CASTANEDA,

          Defendant.

**CASE No. 1:16-cv-0908- MJS (PC)**

**ORDER   DENYING   MOTION   FOR RECONSIDERATION**

**(ECF NO. 7)**

**THIRTY-DAY DEADLINE**

17
18

      Plaintiff is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. He has consented to the undersigned's jurisdiction. (ECF No. 4.)

19
20
21
22

      On August 1, 2016, the Court screened Plaintiff's complaint and dismissed it with leave to amend for failure to state a claim. (ECF No. 6.) On August 22, 2016, Plaintiff filed a notice of interlocutory appeal; it was dismissed on September 21, 2016, for lack of jurisdiction. (ECF Nos. 8, 11.)

23
24
25
26
27

      Also on August 22, 2016, Plaintiff filed a motion to alter, or amend, the judgment pursuant to Federal Rule of Civil Procedure 59(e). Review of this motion reveals it to be a request for reconsideration of the dismissal pursuant to Federal Rule of Civil Procedure 60(b)(6), which allows the Court to relieve a party from an order for any reason that justifies relief.

28

1

1    Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest

2    injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v.

3    Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

4    omitted). The moving party "must demonstrate both injury and circumstances beyond his

5    control .... " Id. (internal quotation marks and citation omitted). In seeking reconsideration

6    of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or

7    circumstances are claimed to exist which did not exist or were not shown upon such

8    prior motion, or what other grounds exist for the motion."

9    "A motion for reconsideration should not be granted, absent highly unusual

10   circumstances, unless the district court is presented with newly discovered evidence,

11   committed clear error, or if there is an intervening change in the controlling law," Marlyn

12   Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)

13   (internal quotations marks and citations omitted, and "[a] party seeking reconsideration

14   must show more than a disagreement with the Court's decision, and recapitulation ..." of

15   that which was already considered by the Court in rendering its decision," U.S. v.

16   Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). To succeed, a

17   party must set forth facts or law of a strongly convincing nature to induce the court to

18   reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.

19   Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds,

20   828 F.2d 514 (9th Cir. 1987).

21   As noted in the Screening Order, Plaintiff is an uncommitted civil detainee at

22   Coalinga State Hospital ("CSH"). He brings this action against Defendant Arcelia

23   Castaneda, a Psychiatric Technician at CSH, who is accused of retaliating against

24   Plaintiff for his refusal to participate in certain treatment programs at CSH. Because of

25   this refusal, Defendant is alleged to have accessed Plaintiff's confidential medical files to

26   prepare a fraudulent and unfavorable current psychological assessment report. Plaintiff

27   brings claims for violation of his First Amendment and Due Process rights, as well as

28

1  state law claims for defamation of character and false imprisonment. He seeks
2  $16,000,000 in damages.

3        On screening, the Court found that Plaintiff's First Amendment retaliation claim
4  failed because the conduct that he describes—namely, the exercise of his statutory right
5  to decline participation in certain programs at CSH—does not amount to protected
6  conduct under the First Amendment. Further, Plaintiff asserted no facts suggesting that
7  Defendant's conduct was motivated by Plaintiff's refusal to participate in the programs
8  and, lastly, there were no allegations that the assessment that he challenges was
9  prepared other than in accordance with and furtherance of commitment proceedings
10 under the SVPA.[1]

11       In the motion for reconsideration, Plaintiff argues as to his First Amendment
12 retaliation claim that his refusal to participate in programs at CSH amounts to protected
13 conduct. Plaintiff does not address the other deficiencies identified in the Screening
14 Order in relation to this claim.

15       Plaintiff's due process claim fares no better. In the Screening Order, the Court
16 found this claim so factually deficient that it was unable to determine Plaintiff stated a
17 claim. In the instant motion, Plaintiff cites only and summarily to two out-of-circuit cases,
18 United States v. Sanders, 211 F.3d 711 (2d Cir. 2000), and United States v. Barner, 572
19 F.3d 1239 (11th Cir. 2009), both of which stand for the proposition  that a prosecutor
20 may not pursue legal charges against someone for acting in accordance with the law.
21 Neither of these cases is helpful here since there is no claim that Defendant has
22 prosecuted Plaintiff for lawful conduct. Additionally, any claim that Defendant violated
23 Plaintiff's due process rights by drafting an assessment in response to Plaintiff refusal to
24 participate in CSH programs is more properly analyzed under the First Amendment. See

25 _____

26 [1] The Court also noted the similarity between the present action and a case previously-filed by Plaintiff,
Williams v. Madrid, Case No. 1:13-cv-2104-MJS, which was ultimately dismissed without leave to amend.
27 See 2014 WL 814730 (E.D. Cal. Feb. 27, 2014) (dismissing complaint asserting identical allegations
against a CSH social worker), and 2014 WL 1600569 (E.D. Cal. Apr. 21, 2014) (dismissing first amended
28 complaint without leave to amend for failure to state a claim), aff'd Williams v. Madrid, 609 Fed. Appx. 421
(9th Cir. 2015).

1   Armendariz v. Penman, 75 F.3d 1311, 1319 (9th Cir. 1996), overruled in part on other

2   grounds by Crown Point Dev., Inc. v. City of Sun Valley, 506 F.3d 851, 852–53 (9th Cir.

3   2007) ("[W]here a particular amendment provides an explicit textual source of

4   constitutional protection against a particular sort of government behavior, that

5   Amendment, not the more generalized notion of substantive due process, must be the

6   guide for analyzing these claims.")

7          Lastly, regarding Plaintiff's state law claims, the Court declined to exercise

8   supplemental jurisdiction over them in the absence of a cognizable federal claim. Plaintiff

9   argues in the instant motion that the Court should exercise supplemental jurisdiction, but

10  supplies no supporting legal authority or argument.

11         In sum, Plaintiff's motion has not presented any grounds for reconsideration and

12  demonstrates, at best, a mere disagreement with the Screening Order.

13         Accordingly, IT IS HEREBY ORDERED that:

14         1)     Plaintiff's August 22, 2016, motion for reconsideration (ECF No. 7) is

15                DENIED;

16         2)     Plaintiff shall file a First Amended Complaint within thirty days from the

17                date of this Order; and

18         3)     Plaintiff's failure to file an amended complaint within thirty days will result in

19                a dismissal of this action without prejudice for failure to prosecute and

20                failure to comply with a court order.

21

22

23  IT IS SO ORDERED.

24     Dated:   September 26, 2016         /s/ Michael J. Seng

25                                          UNITED STATES MAGISTRATE JUDGE

26

27

28

                                        4