UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARCELIA CASTANEDA,<br><br>　　　　Defendant. | **CASE No. 1:16-cv-0908- MJS (PC)**<br><br>**ORDER DISMISSING AMENDED COMPLAINT**<br><br>**(ECF NO. 13)**<br><br>**CLERK TO CLOSE CASE** |

　　　　Plaintiff is a civil detainee proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 4.)

　　　　On August 1, 2016, Plaintiff's complaint was dismissed with leave to amend for failure to state a claim. (ECF No. 6.) On August 22, 2016, Plaintiff moved for reconsideration of that Screening Order. (ECF No. 7.) On September 27, 2016, his motion was denied, and he was directed to file an amended pleading. (ECF No. 12.)

　　　　Plaintiff has now filed a document titled "Amended Civil Rights Complaint," though closer examination reveals it to be a second motion for reconsideration of the August 1, 2016, Screening Order. (ECF No. 13.) For the reasons set forth in the September 7, 2016, Order, this second motion will be denied.

　　　　Insofar as this document can be construed as an amended pleading, Plaintiff asserts no new allegations that would cure the deficiencies identified in the August 1,

2016, Screening Order. Accordingly, the amended complaint will also be dismissed for the reasons set forth in that Order.

The Court must now determine whether to allow Plaintiff leave to further amend. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment[.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Furthermore, analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Plaintiff has twice now been informed of the legal deficiencies of his claim against Defendant Castaneda. Despite awareness of the substantive problems, Plaintiff has instead twice sought reconsideration of the August 1, 2016, Screening Order on grounds that reflect simple disagreement with the Court's decision. His amended complaint, to the extent it can be construed as a pleading, repeats the same facts that were found insufficient in the Screening Order and the subsequent order denying Plaintiff's motion for reconsideration. In light of this procedural history, it appears that Plaintiff has no additional facts to plead, rendering the option of amendment futile.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's October 11, 2016, First Amended Complaint is dismissed without leave to amend; and
2. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   October 31, 2016              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE